J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
*Assistant General Counsel at Righthaven*
JOSEPH C. CHU, ESQ.
Nevada Bar No. 11082
jchu@righthaven.com
*Staff Attorney at Righthaven*
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>RAWGURU, INC., an Illinois domestic corporation; MICHAEL PETRUSHANSKY, an individual; and ALEX MALINSKY, an individual,<br><br>Defendants. | Case No.: 2:10-cv-01570<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Righthaven LLC ("Righthaven") complains as follows against RawGuru, Inc. ("RawGuru"), Michael Petrushansky ("Mr. Petrushansky"), and Alex Malinsky ("Mr. Malinsky"; collectively with RawGuru and Mr. Petrushansky known herein as the "Defendants") on information and belief:

## NATURE OF ACTION

1. This is an action for copyright infringement pursuant to 17 U.S.C. § 501.

1

# PARTIES

2. Righthaven is, and has been at all times relevant to this lawsuit, a Nevada limited-liability company with its principal place of business in Nevada.

3. Righthaven is, and has been at all times relevant to this lawsuit, in good standing with the Nevada Secretary of State.

4. RawGuru is, and has been at all times relevant to this lawsuit, an Illinois domestic corporation.

5. RawGuru is, and has been at all times relevant to this lawsuit, identified by the current registrar, eNom Inc. ("eNom"), as a registrant, administrative contact, and technical contact for the Internet domain found at: <rawguru.com> (the "Domain").

6. Mr. Petrushansky is, and has been at all times relevant to this lawsuit, identified by eNom as a registrant, administrative contact, and technical contact for the Domain.

7. Mr. Malinsky is, and has been at all times relevant to this lawsuit, the self-proclaimed "Owner" of RawGuru, as evidenced by Mr. Malinsky's LinkedIn page, attached hereto as Exhibit 1.

8. RawGuru is, and has been at all times relevant to this lawsuit, the self-proclaimed owner of the copyright(s) in the work(s) posted as part of the content accessible through the Domain (said content accessible through the Domain known herein as the "Website"), as evidenced by a copyright notice displayed on the Website: "Copyright © 2009, RawGuru.Com – All Rights Reserved."

# JURISDICTION

9. This Court has original subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

10. Righthaven is the owner of the copyright in the literary work entitled: "Faith makes fruits, vegetables sprout on five acres" (the "Work"), attached hereto as Exhibit 2.

11. At all times relevant to this lawsuit, the Work has depicted and depicts the original source publication as the Las Vegas *Review-Journal*.

12. The Defendants willfully copied, on an unauthorized basis, the Work from a source emanating from Nevada.

13. On or about July 19, 2010, the Defendants displayed, and continue to display, an unauthorized reproduction of the Work (the "Infringement"), attached hereto as Exhibit 3, on the Website.

14. At all times relevant to this lawsuit, the Infringement has depicted and depicts the original source publication as the Las Vegas *Review-Journal*.

15. The subject matter, at least in part, of the Work and the Infringement, is the successful growth of a community garden located in Las Vegas, Nevada.

16. At all times relevant to this lawsuit, the Defendants knew that the Work was originally published in the Las Vegas *Review-Journal*.

17. At all times relevant to this lawsuit, the Defendants knew that the Infringement was and is of specific interest to Nevada residents.

18. The Defendants' display of the Infringement was and is purposefully directed at Nevada residents.

## **VENUE**

19. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claim for relief are situated in Nevada.

20. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1391(c), because RawGuru is subject to personal jurisdiction in Nevada.

21. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. § 1400 (a), because the Defendants are subject to personal jurisdiction in Nevada.

## FACTS

22. The Work constitutes copyrightable subject matter, pursuant to 17 U.S.C. § 102(a)(1).

23. Righthaven is the owner of the copyright in and to the Work.

24. The Work was originally published on or about July 19, 2010.

25. On September 9, 2010, the United States Copyright Office (the "USCO") received Righthaven's official submittal for the registration to the Work, including the application, the deposit copy, and the registration fee (the "Complete Application"), Service Request No. 1-484453828, and attached hereto as Exhibit 4 is the official USCO application submittal for the Work depicting the occurrence of the Complete Application.

26. On or about July 19, 2010, the Defendants displayed, and continue to display, the Infringement on the Website.

27. The Defendants did not seek permission, in any manner, to reproduce, display, or otherwise exploit the Work.

28. The Defendants were not granted permission, in any manner, to reproduce, display, or otherwise exploit the Work.

## CLAIM FOR RELIEF: COPYRIGHT INFRINGEMENT

29. Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 28 above.

30. Righthaven holds the exclusive right to reproduce the Work, pursuant to 17 U.S.C. § 106(1).

31. Righthaven holds the exclusive right to prepare derivative works based upon the Work, pursuant to 17 U.S.C. § 106(2).

32. Righthaven holds the exclusive right to distribute copies of the Work, pursuant to 17 U.S.C. § 106(3).

33. Righthaven holds the exclusive right to publicly display the Work, pursuant to 17 U.S.C. § 106(5).

34. The Defendants reproduced the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(1).

35. The Defendants created an unauthorized derivative of the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(2).

36. The Defendants distributed, and continue to distribute, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(3).

37. The Defendants publicly displayed, and continue to publicly display, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. § 106(5).

38. RawGuru has willfully engaged in the copyright infringement of the Work.

39. Mr. Petrushansky has willfully engaged in the copyright infringement of the Work.

40. Mr. Malinsky has willfully engaged in the copyright infringement of the Work.

41. The Defendants' acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

42. Unless the Defendants are preliminarily and permanently enjoined from further infringement of the Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by the Defendants of the Work, pursuant to 17 U.S.C. § 502.

# PRAYER FOR RELIEF

Righthaven requests that this Court grant Righthaven's claim for relief herein as follows:

1. Preliminarily and permanently enjoin and restrain the Defendants, and the Defendants' officers, agents, servants, employees, attorneys, parents, subsidiaries, related companies, partners, and all persons acting for, by, with, through, or under the Defendants, from directly or indirectly infringing the Work by reproducing the Work, preparing derivative works based on the Work, distributing the Work to the public, and/or displaying the Work, or ordering, directing, participating in, or assisting in any such activity;

2. Direct the Defendants to preserve, retain, and deliver to Righthaven in hard copies or electronic copies:

   a. All evidence and documentation relating in any way to the Defendants' use of the Work, in any form, including, without limitation, all such evidence and documentation relating to the Website;

   b. All evidence and documentation relating to the names and addresses (whether electronic mail addresses or otherwise) of any person with whom the Defendants have communicated regarding the Defendants' use of the Work; and

   c. All financial evidence and documentation relating to the Defendants' use of the Work;

3. Direct eNom, and any successor domain name registrar for the Domain, to lock the Domain and transfer control of the Domain to Righthaven;

4. Award Righthaven statutory damages for the willful infringement of the Work, pursuant to 17 U.S.C. § 504(c);

5. Award Righthaven costs, disbursements, and attorneys' fees incurred by Righthaven in bringing this action, pursuant to 17 U.S.C. § 505;

6. Award Righthaven pre- and post-judgment interest in accordance with applicable law; and

7. Grant Righthaven such other relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Righthaven requests a trial by jury pursuant to Rule 38 of the Federal Rules Civil Procedure.

Dated this fourteenth day of September, 2010.

                                RIGHTHAVEN LLC

                                By: /s/ J. Charles Coons
                                J. CHARLES COONS, ESQ.
                                Nevada Bar No. 10553
                                JOSEPH C. CHU, ESQ.
                                Nevada Bar No. 11082
                                9960 West Cheyenne Avenue, Suite 210
                                Las Vegas, Nevada 89129-7701
                                *Attorneys for Plaintiff*